UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL JAY CLUESMAN,

       Petitioner,

                                         CASE NO. 2:12-CV-11868
v.                                    JUDGE MARIANNE O. BATTANI
                                         MAGISTRATE JUDGE PAUL KOMIVES

CATHERINE BAUMAN,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

I.      RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus and should deny petitioner a certificate of appealability.

II.     REPORT:

A.     *Procedural History*

1.      Petitioner Daniel Jay Cluesman is a state prisoner, currently confined at the Alger Correctional Facility in Munsing, Michigan.

2.      On September 30, 2009, petitioner was convicted on the basis of his pleas of guilty of conspiracy to deliver 1,000 or more grams of cocaine, MICH. COMP. LAWS §333.7401(2)(a)(i), MICH. COMP. LAWS §750.157a(a); two counts of delivery of between 450 and 1,000 grams of cocaine, MICH. COMP. LAWS §333.7401(2)(a)(ii); and two counts of delivery of between 50 and 450 grams of cocaine, MICH. COMP. LAWS §333.7401(2)(a)(iii). On November 25, 2009, he was sentenced as a second habitual offender to 22-50 years' imprisonment for the conspiracy to deliver 1,000 or more grams conviction (count I), 22-45 years' imprisonment for the delivery of between 450 and 999 grams of cocaine convictions (counts II and III), and 15-30 years' imprisonment for the delivery of between 50 and 450 grams

of cocaine convictions (counts IV and V).

3. Following his conviction and sentence, petitioner filed a motion to withdraw his guilty plea, alleging:

> 1. DEFENDANT SHOULD BE ALLOWED TO WITHDRAW HIS GUILTY PLEA FOR COUNT V BECAUSE THERE WAS AN INADEQUATE FACTUAL BASIS FOR THE PLEA.
>
> 2. DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HE WAS GIVEN ADVICE NOT TO WITHDRAW HIS GUILTY PLEA THAT WAS INVOLUNTARY AND UNINTELLIGENT.

4. Petitioner sought leave to appeal in the Michigan Court of Appeals raising, through counsel, the following claim:

> THERE WAS INADEQUATE FACTUAL BASIS FOR THE PLEA TO COUNT V, AND THAT BASED ON INEFFECTIVE ASSISTANCE OF COUNSEL PETITIONER'S PLEA WAS INVOLUNTARY AND UNINTELLIGENT AND HE SHOULD BE ALLOWED TO WITHDRAW HIS GUILTY PLEA.

5. The court of appeals denied petitioner's application for leave to appeal in a standard order, "for lack of merit on the grounds presented." *People v. Cluesman*, No. 300794, (Mich. Ct. App. Dec. 20, 2010). Petitioner then sought leave to appeal this issue to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Cluesman*, 489 Mich. 934 (20011) (unpublished table decision).

6. Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on April 18, 2012. As grounds for the writ of habeas corpus, he raises the two claims that he raised in the state courts.

7. Respondent filed an answer on October 10, 2012. Respondent contends that petitioner's claims are without merit.

B. *Factual Background Underlying Petitioner's Conviction*

On September 30, 2009, a plea hearing was held where petitioner agreed to plead guilty to all charges in return for being sentenced at the bottom of the applicable guidelines. At the plea hearing the bottom of the guideline was estimated to be 225 months (18.75 years). (Plea Tr. at 3). At sentencing the court found that, because of the actual scoring of the offense variables, it could not honor the guidelines agreed upon at the plea hearing. The court offered to sentence petitioner to 22-50 years' imprisonment instead of the 225 months agreed upon at the plea hearing. After a discussion with his attorney, petitioner decided to go forward with the sentencing at 22-50 years' imprisonment. The sentencing judge then spoke with petitioner to make the record clear:

> THE COURT: Yes. Mr. Cluesman, you know that the *Cobbs* was bottom of the guideline, which is 225 months, and I've indicated to your attorney that after reading the report I'm prepared to go 22 years to 50 years, and you can withdraw your plea and have a trial on all of these matters if you wish. Because I cannot honor the *Cobbs*, or I can go ahead with sentencing. And, I want you to tell me loud and clear what you want me to do.
>
> MR. CLUESMAN:   You can continue with the plea agreement, but I thought on the last court date we had an agreement to go with the bottom of the sentencing guidelines.
>
> THE COURT:       Then I can set this aside…
>
> MR. CLUESMAN:    I mean, I..I..
>
> THE COURT:       …and set your matter for trial or I can sentence you. What do you wish to do?
>
> MR. CLUESMAN:    …you can sentence me.
>
> THE COURT:       Even though you know I can't honor the *Cobbs*?
>
> MR. CLUESMAN:    Yeah.
>
> THE COURT:       You want me to go ahead and sentence you?
>
> MR. CLUESMAN:    Go ahead and sentence.

Sentence Tr., at 12-13.

C.     *Standard of Review*

3

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state

court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409. As the Supreme Court has explained, the standard for relief under § 2254(d) "is difficult to meet, [and] that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). As the Court explained, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id*. (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in the judgment)). Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412). The relevant "clearly established law" is the law that existed at the time of the last state court decision to issue a reasoned decision on the claim, *see Greene v.*

*Fisher*, 132 S. Ct. 38, 44-45 (2011), and in evaluating the reasonableness of that decision a federal habeas court is limited to the record that was before the state court at the time of its decision, *see Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

The deferential standard of review set forth in §2254(d) applies even though the Michigan Court of Appeals did not issue a reasoned decision. As the Supreme Court has explained, an unexplained summary order by a state court is presumed to be a rejection of the claims on the merits, and the petitioner bears the burden of demonstrating that the rejection was on some basis other than the merits. *See Harrington v. Richter,* 131 S. Ct. 770, 784-85 (2011). Here, there is no indication that the Michigan Court of Appeals denied application for leave to appeal on any basis other than the merits. On the contrary, the court of appeals explicitly stated that its denial was "for lack of merit in the grounds presented," and the Michigan Court of Appeals has repeatedly held a denial on this basis is "a determination on the merits of the case." *Attorney Gen'l ex rel. Dep't of Treasury v. Great Lakes Real Estate Investment Trust,* 77 Mich.

App. 1, 3, 257 N.W.2d 248, 249 (1977); *accord Hoye v. DMC/WSU,* No. 285780, 2010 WL 334833, at *1 (Mich. Ct. App. Oct. 9, 2007) (per curiam); *People v. Douglas,* 122 Mich. App. 526, 530, 332 N.W.2d 521, 523 (1983). Accordingly, the Michigan Court of Appeals's denial of petitioner's application for leave to appeal "for lack of merit in the grounds presented" constitutes an adjudication on the merits for purposes of §2254(d). *See Snyder v. Lafler,* No. 09-13773, 2011 WL 309056, at *3 (E.D. Mich. Jan. 27, 2011) (Roberts, J.).

D.   *Inadequate Factual Basis (Claim I)*

In his first claim, petitioner contends that he should be allowed to withdraw his guilty plea to count five on the grounds that there was an inadequate factual basis for the plea. Specifically, petitioner asserts that because the drug deal associated with count five occurred a few miles outside of Oakland County, in Wayne County, the Oakland County court was not the proper venue for the charge.

Under Michigan law, "No order, judgment, or decree shall be void or voidable solely on the ground that there was improper venue." MICH. COMP. LAWS ANN. § 600.1645. The Sixth Circuit has held that, "in the absence of any allegation of bad faith on the part of the Government or prejudice to the defendant, improper venue will not ordinarily result in a miscarriage of justice," and presents no extraordinary need for post-conviction relief." *Williams v. United States,* 582 F.2d 1039, 1042 (6th Cir. 1978) (internal quotations omitted). Furthermore, "violations of state law and procedure that do not infringe specific federal constitutional protections are not cognizable claims under § 2254." *Estelle v. Mcguire*, 502 U.S. 62, 67-68 (1991). Because the writ of habeas corpus exists only to correct errors of federal law, a state court's failure to elicit a factual basis for a guilty plea does not state a claim cognizable on habeas review. See *United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Circ. 1993) (en banc); *Willbright v. Smith*, 745 F.2d

7

779, 780 (2d Cir. 1984); *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *Coddington v. Langley*, 202 F. Supp. 2d 687, 702 (E.D. Mich. 2002) (Tarnow, J.). Thus, the trial court's alleged failure to establish a factual basis for count five due solely to the lack of venue in Oakland County provides no basis for habeas relief.

F.     *Ineffective Assistance of Counsel (claim II)*

Finally, petitioner raises a claim that he received ineffective assistance of counsel. Specifically, he contends that trial counsel was ineffective for erroneously telling him that the court would honor the *Cobbs*[1] agreement at sentencing (which would have allowed petitioner to be sentenced at the absolute bottom of the applicable guidelines), thereby enticing the defendant to enter a guilty plea when he otherwise would not have. The court should conclude that petitioner is not entitled to habeas relief on this claim.

1.     *Clearly Established Law*

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id*. at 687. These two components are mixed questions of law and fact. *Id*. at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id*. at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient

---

[1] *People v. Cobbs,* 443 Mich. 276, 505 N.W.2d 208 (1993), permits a defendant to plead guilty pursuant to the trial court's initial evaluation as to the appropriate sentence, subject to the defendant's right to withdraw his plea if the actual sentence imposed is more severe.

prejudice, . . . that course should be followed." *Id.* With respect to the performance prong of the *Strickland* test, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. It is petitioner's burden to establish the elements of his ineffective assistance of counsel claim. *See United States v. Pierce*, 63 F.3d 818, 833 (6th Cir. 1995) (petitioner bears the burden of establishing counsel's ineffectiveness); *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993) (same).

As the Supreme Court has recently explained, *Strickland* establishes a high burden that is difficult to meet, made more so when the deference required by § 2254(d)(1) is applied to review a state court's application of *Strickland*:

> "Surmounting Strickland's high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. ----, ----, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S.Ct. 2052. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or

> adverse sentence." *Id*., at 689, 104 S.Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S.Ct. 2052.
> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id*., at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ----, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ----, 129 S.Ct. at 1420 . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

*Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

The Sixth Amendment right to counsel extends to the plea bargaining process, and thus "[d]uring plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)) "'[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel.'" *Id*. (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)); *see also*, *Missouri v. Frye*, 132 U.S. 1399, 1406 (2012). "[W]hen evaluating [a] petitioner's claim that ineffective assistance led to the improvident acceptance of a guilty plea, . . . the petitioner [is required] to show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'" *Id*. at 1384-85 (quoting *Hill*, 474 U.S. at 59).

2. *Analysis*

Petitioner contends that trial counsel was ineffective because counsel's advice to enter

10

into a plea was based on counsel's belief that the court would honor the *Cobbs* agreement to sentence petitioner at the bottom of the guidelines for his offenses.

A review of the plea transcript shows that the judge had expressly stated to petitioner that she would give him, "the absolute bottom of the applicable guidelines, whatever they turn out to be." *See Plea Tr.,* at 9. But at sentencing, the judge said she would not be able to honor the *Cobbs* agreement and that she was prepared to offer 22 - 50 years, instead of 18 years and 9 months which was what the sentence would have been at the bottom of the applicable guidelines. *See Sentencing Tr.*, at 12. The judge told petitioner that he could withdraw his plea and have a trial, or he could accept the plea at 22 - 50 years. Petitioner expressly told the judge three separate times that she could sentence him at 22 - 50 years and that he understood that she could not honor the *Cobbs* agreement. *Id*. at 12-13.

Generally, a plea is valid if it "represents a voluntary and intelligent choice among alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). The question is "not whether the defendant's decision reflected a wholly unrestrained will, but rather whether it constituted a deliberate, intelligent choice between available alternatives." *Rosado v. Civiletti*, 621 F.2d 1179, 1191 (2d Cir. 1980) (citing *Alford*). Petitioner was expressly told by the judge that she would not honor the *Cobbs* agreement and then gave him the opportunity to withdraw his plea and have a trial. The judge explained with clarity the options available to petitioner and gave him the opportunity to make a voluntary, intelligent decision.

Petitioner has not shown that the fact his counsel told him that the court would honor the *Cobbs* agreement was a 'but for' cause of him accepting the plea bargain. Petitioner could not have reasonably relied to his detriment on his counsel saying the court was going to honor the

*Cobbs* agreement given the clarity by which the court later explained to him that it would not honor the agreement, and that petitioner could withdraw his plea if he did not agree to the longer sentence.

As a number of Judges of this Court have observed:

> When a petitioner brings a federal habeas petition challenging his plea of guilty (or no contest), the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness.

*Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 749 (E.D. Mich. 2005) (Gadola, J.) (citations omitted); accord *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 651-52 (E.D. Mich. 2002) (Friedman, J.); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002) (Cleland, J.); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 586 (E.D. Mich. 2001) (Hood, J.); *Myers v. Straub*, 159 F. Supp. 2d 621, 626 (E.D. Mich.2001) (Steeh, J.). In short where, as here, "the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry." *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (internal quotation omitted). Accordingly, this Court should conclude that petitioner is not entitled to habeas relief on this claim.

G.   *Recommendation Regarding Certificate of Appealability*

   1.   *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth

Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009

13

amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

    2.    *Analysis*

If the Court accepts my recommendation regarding the merits of petitioner's claims, the Court should also conclude that petitioner is not entitled to a certificate of appealability. Because it is clear that the question of improper venue is an issue of state law, it does not provide a cognizable ground for habeas relief. With respect to petitioner's ineffective assistance of counsel claim, petitioner was clearly told that the court would not follow the *Cobbs* agreement and the trial court gave him several opportunities to withdraw his plea and have a trial. Petitioner cannot show that he made an involuntary and unintelligent decision as to whether or not to accept the plea when the judge had asked him multiple times if he would like to withdraw his plea and have a trial. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

H.    *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: June 20, 2013

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Daniel Jay Cluesman and Counsel of Record on this date.

Dated: June 20, 2013        s/ Lisa C. Bartlett
                            Case Manager