**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DANIEL JAY CLUESMAN,

        Petitioner,

                              CASE NO. 2:12-cv-11868

v.

                              HON. MARIANNE O. BATTANI

CATHERINE BAUMAN,

        Respondent.
_____/

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, DENYING PETITION FOR WRIT OF HABEAS
CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY**

      This matter is before the Court on Petitioner Daniel Cluesman's Objections to the Magistrate Judge's Report and Recommendation ("R&R").  Cluesman filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, alleging defects in his decision to plead guilty in state court for various drug offenses.  The Court referred the matter to Magistrate Judge Paul J. Komives, who issued an R&R that the Court deny Cluesman's petition and also deny a certificate of appealability.  For the reasons below, the Court **OVERRULES** Cluesman's objections, **ADOPTS** the R&R, and **DENIES** both the writ and the certificate of appealability.

**I.     STATEMENT OF FACTS**

      On September 30, 2009, Cluesman was convicted on the basis of his pleas of guilty of conspiracy to deliver 1,000 or more grams of cocaine, two counts of delivery of between 450 and 1,000 grams of cocaine, and two counts of delivery of between 50 and 450 grams of cocaine.  See Mich. Comp. Laws § 333.7401(2)(a).  On September 30,

2009, a plea hearing was held where Cluesman agreed to plead guilty to all charges in return for being sentenced at the bottom of the applicable guidelines, estimated to be 225 months (18.75 years). At sentencing, the Judge found that she could not honor the terms of the agreement reached at the plea hearing after scoring the actual offense variables. Instead, the court offered to sentence Cluesman to 22-50 years of imprisonment. After a discussion with his attorney, Cluesman agreed to go ahead with the sentencing. The Judge spoke with Cluesman on the record:

> THE COURT: Yes. Mr. Cluesman, you know that the Cobbs was bottom of the guideline, which is 225 months, and I've indicated to your attorney that after reading the report I'm prepared to go 22 years to 50 years, and you can withdraw your plea and have a trial on all of these matters if you wish. Because I cannot honor the Cobbs, or I can go ahead with sentencing. And, I want you to tell me loud and clear what you want me to do.
>
> MR. CLUESMAN: You can continue with the plea agreement, but I thought on the last court date we had an agreement to go with the bottom of the sentencing guidelines.
>
> THE COURT: Then I can set this aside…
>
> MR. CLUESMAN: I mean, I…I…
>
> THE COURT: …and set your matter for trial or I can sentence you. What do you wish to do?
>
> MR. CLUESMAN: …you can sentence me.
>
> THE COURT: Even though you know I can't honor the Cobbs?
>
> MR. CLUESMAN: Yeah.
>
> THE COURT: You want me to go ahead and sentence you?
>
> MR. CLUESMAN: Go ahead and sentence.

(Sentencing Hearing Tr., at 12-13).

On November 25, 2009, Cluesman was sentenced as a second habitual offender to 22-50 years of imprisonment for the conspiracy to deliver 1,000 or more grams conviction (Count I), 22-45 years of imprisonment for the delivery of between 450 and 999 grams of cocaine convictions (Counts II and III), and 15-30 years of imprisonment for the delivery of between 50 and 450 grams of cocaine (Counts IV and V). All sentences ran concurrently.

Following his conviction and sentence, Cluesman filed a motion to withdraw his guilty plea on Count V arguing that there was an inadequate factual basis to support his conviction based on venue and ineffective assistance of counsel during the plea hearing. After the court denied his motion, Cluesman sought leave to appeal. The Michigan Court of Appeals denied his application for leave to appeal in a standard order "for lack of merit on the grounds presented." People v. Cluesman, No. 300794 (Mich. Cr. App. Dec. 20, 2010). The Michigan Supreme Court also summarily denied Cluesman's appeal. People v. Cluesman, 489 Mich. 934 (2011) (unpublished table decision). Subsequently, Cluesman filed the instant application for a writ of habeas corpus in federal district court.

## II. STANDARD OF REVIEW

### A. Objections to a Magistrate Judge's Report and Recommendation

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution

3

mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006). Only specific objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the R&R that are legitimately in contention. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir.1986) (per curiam). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings ... believed [to be] in error' are too general." Spencer, 449 F.3d at 725 (quoting Miller, 50 F.3d at 380).

### B. Habeas Corpus

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

A state court decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite of that reached by the Supreme Court on a question of law, or if the state court reaches a substantially different conclusion than the Court based upon a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

An "unreasonable application" of clearly established federal law occurs "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. A federal habeas court may not, however, find a state adjudication to be unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411. Rather, a habeas petitioner must demonstrate that the state court's application of clearly established federal law to the facts of his case was objectively unreasonable. Price v. Vincent, 538 U.S. 634, 641 (2003).

### III.    ANALYSIS

Cluesman objects to the R&R for two reasons. First, Cluesman argues that the Magistrate Judge's factual interpretation and recitation of the state court proceedings in the R&R are incorrect. Second, Cluesman raises a new argument that was not in his original § 2254 petition: ineffective assistance of counsel based on his attorney's failure to advise him of the venue defense to Count V. Specifically, he argues that because the indictment charged Count V in Oakland County, but actually took place in Wayne County, his attorney's advice to plead guilty to this offense is professionally unreasonable. Both objections are overruled.

### A. Magistrate Judge's Interpretation of the Court Proceedings

Cluesman argues that the Magistrate Judge's interpretation of the lower court proceedings is "factually wrong" regarding both the sentencing hearing on November 25, 2010 and the motion hearing on July 16, 2010. Specifically, Cluesman argues that his use of the term "plea agreement" during the sentencing hearing indicates that he was not fully aware of the consequences of his guilty plea.

At the plea hearing, the Judge explicitly stated that she would not honor the Cobbs agreement. See People v. Cobbs, 505 N.W.2d 208, 212 (Mich. 1993) ("[A] defendant who pleads guilty . . . in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation."). Instead, the Judge stated she was constrained to impose a greater sentence, providing Cluesman the option to withdraw his plea and proceed to trial. Cluesman responded, "[y]ou can continue with the plea agreement but I thought on the last court date we had an agreement to go with the bottom of the sentencing guidelines." He argues that because he used the words "continue with the plea agreement" in his statement to the Judge, this evidences his understanding that he was about to be sentenced in accordance with the Cobbs agreement. However, Cluesman's misuse of the term fails to demonstrate any such understanding. The Judge explicitly stated that she was not going to honor the agreement and told him she could set the matter for trial or sentence him "even though [she] can't honor the Cobbs." Cluesman voluntarily decided he would rather be sentenced than proceed to trial. The transcript clearly evidences Cluesman's understanding that he could withdraw his plea if he wished. Rather, he chose to be

6

sentenced notwithstanding the Judge's warning that she would not honor the Cobbs agreement.

Generally, a plea is valid if it "represents a voluntary and intelligent choice among alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). The conversation between Cluesman and the Judge demonstrates that he made a voluntary and intelligent choice in forgoing trial and entering a plea of guilty. Likewise, the Magistrate Judge did not erroneously recite the underlying facts of the plea and reasonably concluded that Cluesman intelligently and willingly entered a guilty plea notwithstanding the state court Judge's decision not to honor the plea agreement. As such, Cluesman's first objection is meritless.

**B.    Cluesman's New Sixth Amendment Claim**

Cluesman also argues that it was unreasonable for his trial attorney to fail to inform him of the incorrect venue defense and, instead, advise him to plead guilty to conduct that occurred in a different county. (Doc. 12 at 3). The indictment charged Count V in Macomb County. However, the underlying conduct actually occurred in Wayne County. Thus, the indictment is factually invalid as to Count V. He argues his attorney's failure to inform him of this defense deprived him of effective assistance of counsel under the Sixth Amendment, and but for his counsel's failure, he would not have plead guilty and instead proceeded to trial. Cluesman cites Brown v. Butler, 811 F.2d 938 (5th Cir. 1987) in support of his argument, a case which held that such conduct falls below the requisite standard of reasonableness for attorney representation. However, the Court is constrained to dispose of this issue without reaching its merits.

7

Importantly, this argument is distinct from Cluesman's first ineffective assistance of counsel claim, namely that his attorney told him he would still receive the lower sentence regardless of the Judge's statements rejecting the Cobbs agreement, which the Magistrate Judge addressed in the R&R. With regard to that argument, the Magistrate Judge correctly found that Cluesman voluntarily entered the plea based on the conversation between the Judge and Cluesman, in which he unmistakably decided to forgo his right to a trial. However, Cluesman's petition for a Writ of Habeas Corpus does not argue ineffective assistance of counsel based on his attorney's failure to inform him of the venue defense. Likewise, the Magistrate Judge did not address this argument in the R&R. Cluesman raised this argument for the first time in his objections to the R&R.

Consequently, Cluesman is procedurally barred from raising this claim in his objections to the R&R. See Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing approvingly several courts which have held that, absent compelling reasons, "the Magistrate Judge Act . . . does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."); see also, United States v. Waters, 158 F.3d 933, 936 (6th Cir. 1998) (noting that "issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived"). Courts have applied this general rule to the habeas corpus context. See Sanders v. Kelly, 2012 WL 2568186 at *9 (N.D. Ohio June 29, 2012) (holding that petitioner's newly raised ineffective assistance of counsel claims in objections to R&R on habeas petition are "not properly before the Court"); see also Brewer v. Bottom, 2012 WL 404878 at * (E.D. Ky. Feb. 8, 2012) (rejecting petitioner's claim in habeas petition

8

raised for the first time in objections to R&R and noting that "[t]hese reasons alone are sufficient grounds to reject [petitioner's] objection"). Therefore, Cluesman's new Sixth Amendment claim is deemed waived and the objection is overruled.

Assuming *arguendo* that Cluesman's attorney's conduct fell below the requisite standard of reasonableness, his argument fails because he cannot demonstrate prejudice. See Strickland v. Washington, 466 U.S. 668, 692 (1984) (requiring petitioner to demonstrate prejudice in the event counsel's performance is "professionally unreasonable"). Cluesman pled guilty to four other counts of drug trafficking, all of which carried sentences substantially greater than or equal to Count V. Cluesman was sentenced to serve each term concurrently. Indeed, Cluesman does not argue that his sentence would have been reduced, nor could he establish that he was prejudiced in any way. See Green v. U.S., 65 F.3d 546, 551 (6th Cir. 1995) (holding that petitioner failed to demonstrate prejudice on ineffective assistance of counsel claim for 57-month sentence, which ran concurrently with a 420-month sentence). Here, Count V carried a sentence of 15-30 years imprisonment. Cluesman pled guilty to four other counts carrying sentences of 22-50 years on Count I, 22-45 years for Counts II and III, and another 15-30 years on Count IV, all to run concurrently. Cluesman cannot reasonably argue that he would have gone to trial on Count V in light of the already lengthy sentence he faced from his guilty plea on the other four counts. Consequently, even if Cluesman's new Sixth Amendment claim was properly before this Court, it is clear that the state court's resolution of Cluesman's claims did not result in a decision contrary to, or an unreasonable application of clearly established federal law.

### C. Certificate of Appealability

Last, Cluesman argues he made a substantial showing of a denial of his constitutional rights, namely ineffective assistance of counsel based on the venue defense. The Court disagrees. The Antiterrorism and Effective Death Penalty Act provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As demonstrated above, reasonable jurists could not debate that Cluesman's petition for habeas corpus fails to present any basis for which habeas relief could be granted. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation omitted). Consequently, the Court declines to grant Cluesman a certificate of appealability.

### IV. CONCLUSION

Accordingly, the Court **ADOPTS** the R&R, **DENIES** Cluesman's petition for habeas corpus, and **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: November 20, 2013

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon the Petitioner via ordinary U.S. Mail and Counsel for the Respondent, electronically.

s/Bernadette M. Thebolt

Case Manager